## LODOVICO PRIMUS *v.* D. V. FRIONE & COMPANY, INC.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, JS.

Argued December 8th, 1937—decided February 1st, 1938.

*Joseph B. Morse, Jr.,* for the appellant (defendant).

*Jacob Belford,* with whom, on the brief, was *Joseph N. Manfreda,* for the appellee (plaintiff).

(1)

AVERY, J. The plaintiff brought this action against the defendant claiming that being a third party beneficiary of a public works administration contract entered into between the defendant and the State of Connecticut covering construction of bridge work between the towns of Madison and Killingworth, he was underpaid during the time he actually worked; and, further, that he should have been employed during a period when the defendant hired others in alleged violation of the contract. The trial court found that the plaintiff was employed as a carpenter to work upon forms for cement, that he performed such work, and was entitled under the provisions of the contract to be paid at the rate of $1.20 per hour, whereas he was in fact paid eighty-five cents per hour which was the compensation required to be paid to assistant carpenters, and gave judgment for the plaintiff to recover the difference. The trial court also found that for a period of nine days during the period of the plaintiff's employment he was not permitted to work and during this period other workmen were employed in violation of the terms of the contract; and gave judgment to the plaintiff in addition for the pay of a carpenter for nine days. From this judgment the defendant has appealed, attacking the finding of the trial court that the plaintiff was employed as a carpenter and performed the work of one, and the defendant also claimed that the plaintiff was not entitled as a third party beneficiary to recover for the time in which he was not employed.

The material facts decisive of this appeal, with such corrections as the defendant is entitled to, are these: On April 6th, 1935, the defendant entered into a con-

tract with the State of Connecticut to furnish the materials and labor for the construction of a bridge in Killingworth and Madison. The plaintiff, a carpenter by trade and a citizen of the United States, and for many years a resident of Killingworth, being unemployed, had registered with the United States department of labor and with the selectman of Killingworth. On May 29th, 1935, he was directed by the selectman of Killingworth to report for work on this project and reported to the foreman in charge and began work on that day. He worked in all three hundred and fourteen and one-quarter hours to August 20th, 1935, when the work ceased. When he reported for work he brought his own tools and used them throughout the entire period. The defendant at no time offered any of its tools to the plaintiff nor did the defendant object to the plaintiff using his own tools. He was employed to work upon forms for cement. It is undisputed that when the plaintiff was employed he did not inquire what work he was to do, what classification he was to have, what pay he was to get, nor how long he was to be employed and nothing was said to him by the employer in reference thereto other than to come to work on May 29th. Upon receipt of his first pay envelope the plaintiff was paid at the rate of eighty-five cents an hour and he continued to accept payment at that rate as long as he worked on the job. The carpenter work being done upon this job was the construction of wooden forms to hold concrete. Where the forms were to be used on rough finish concrete the contract required the contractor to maintain a ratio of one carpenter to four assistants, and where the forms were used for smooth concrete finish the contractor was required to maintain a ratio of one carpenter to two assistants. The plaintiff worked upon these forms and did carpenter work thereon. In the construction

of the forms the carpenter acted as a foreman laying out and supervising the work which was done by the carpenter and the assistants.

In the contract carpenters were defined as, "Skilled journeymen, who are customarily required to furnish their own tools of the craft, and who are entitled to receive the skilled wage rate." Carpenters' assistants are "semi-skilled workmen, who are not customarily required to furnish their own tools, and shall not be required to furnish them on PWA projects. This classification also includes workmen, who even though they may be competent to perform skilled work, are employed for, and permitted to do, only the work normally required of semi-skilled craftsmen." The contract fixed as a minimum rate of wages for rough or assistant carpenters eighty-five cents per hour and for carpenters $1.20 per hour. The contract further provided as to the construction of forms for concrete, that when the specifications required smooth or finished surfaces they should be made and erected by skilled carpenters who might be assisted by carpenters' assistants in a ratio not to exceed two carpenters' assistants to one carpenter; and, when unfinished or rough surfaces were required, the forms should be made and erected by skilled carpenters who might be assisted by carpenters' assistants in a ratio not exceeding four carpenters' assistants to one carpenter.

It is evident that under this contract a carpenter was required to supervise and direct the services of his assistants in the construction of the forms. There is no finding that the plaintiff at any time was required to or did perform any such duty. The substance of the matter is that the plaintiff went to work without any definite agreement as to how he should be classified and was classified by the employer, as it had a right to do under the provision of the contract

we have quoted, as an assistant carpenter and received the pay of one during the entire period of the employment and that he did work such as an assistant carpenter would perform. Our conclusion is that the finding must be corrected and the plaintiff found to have been employed as an assistant carpenter, and that he performed the work and received the compensation of one. This disposes of the claim of the plaintiff that he did not receive the compensation to which he was entitled for the period while he actually worked.

The trial court allowed the plaintiff recovery for nine days when he was not permitted to work. The contract provided that labor preference should be given, where qualified, to ex-service men with dependents, and then to: (1) Citizens of the United States and aliens who had declared their intention of becoming citizens, who were bona fide residents of Madison and Killingworth, and (2) to citizens of the United States and aliens who had declared their intention of becoming citizens, who were bona fide residents of Connecticut, "provided, that these preferences shall apply only where such labor is available and qualified to perform the work to which the employment relates." The finding is that for nine days the plaintiff was not permitted to work on the project although ready, able and willing to do so and the defendant during the period had in its employ two men from the town of Middletown, "employed as carpenters receiving $1.20 per hour." The contract provided for the employment of carpenters, who might "be assisted by carpenters' assistants" in a certain ratio, depending upon whether the forms to be constructed were rough or finished. There is nothing in the contract which forbade the employment of two or more carpenters without any assistant at any time. As far

as appears from the finding that was all that was done in this case. It does not appear that carpenters' assistants from Middletown were employed during the period when the plaintiff was not employed. It is not found that the plaintiff sought employment on this job as a carpenter during the nine days when he was not employed. To entitle the plaintiff to recover on the ground that the contractor failed to observe the provision of the contract giving preference to the labor of Madison and Killingworth it was incumbent upon him to show that he was denied employment as an assistant carpenter and that the contractor with knowledge of the plaintiff's qualifications employed other men of the same class not residents of those towns for the same period. It follows that as the plaintiff was paid the compensation provided in the contract for the class of work which he performed and as no discrimination against him was shown in respect to the time when he was not employed, no basis exists for a judgment in his favor.

There is error; the judgment is reversed and the cause remanded to the City Court of New Haven with direction to enter judgment in favor of the defendant.

In this opinion the other judges concurred.